IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| AMERICAN TISSUE, INC., et al., ) | C.A. No. 01-10370-KG |
| ) | (Jointly Administered) |
| Debtors. ) | |
| ) | |
| _____) | |
| ) | |
| MEDHI GABAYZADEH, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | C.A. No. 12-322-GMS |
| ) | |
| CHRISTINE SHUBERT, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Appellee. ) | |
| _____) | |

## **MEMORANDUM**

### I.  **INTRODUCTION**

Presently before this court is Medhi Gabayzadeh's (the "Appellant") motion for a stay pending appeal. (D.I. 12). For the reasons that follow, the court will deny the Appellant's motion.

### II.  **BACKGROUND**

American Tissue, Inc. and related entities (collectively, the "Debtor") filed for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware on September 10, 2001. Prior to filing bankruptcy, the Debtor was a tissue and paper conglomerate, consisting of numerous subsidiaries. (D.I. 10, at 2). The Appellant was a major shareholder, director, and Chief Executive Officer of the Debtor, and soon after authorizing the Debtor's bankruptcy, he resigned from his various management roles. (*Id.*; *see* Bankr. Case No. 01-10370, D.I. 1 at 2, D.I. 272). The Bankruptcy Court converted the Debtor's case to chapter 7 on April 22, 2004.

At the center of this appeal is a collection of Debtor's business records (the "Records") currently maintained by the Chapter 7 Trustee, Christine Shubert (the "Trustee") in Iron Mountain storage facilities and in offices of her solvency experts. (D.I. 4, at ¶¶ 6, 11; D.I. 10, at 3).[1] On October 15, 2007, the Trustee filed a motion for authorization to abandon those Records. (Bankr. Case No. 01-10370, D.I. 4061). The Appellant objected to that motion, contending that he needed them as evidence to support various shareholder lawsuits he intended to file. (*Id.*, D.I. 4062). On November 20, 2007, the Bankruptcy Court ordered the Appellant to designate a representative[2] to identify which Records he wanted to retain and to pay the Iron Mountain storage fees for December 2007. (*Id.*, D.I. 4066). That order provided that once the Appellant met these conditions, the Trustee would then inspect the Records to redact any confidential information and turn them over to the Appellant. (*Id.*) The Appellant never sent a representative, thus on February 8, 2008, the Trustee filed a second motion seeking authorization to abandon the Records. (*Id.*, D.I. 4075). The Appellant again objected, and the parties reached an agreement—subsequently approved by the Bankruptcy Court—that the Trustee would not abandon the Records while the Appellant paid the monthly storage fees. (*Id.*, D.I. 4089).

In 2011, after paying $94,920.81 worth of those fees, the Appellant ceased making payments. (D.I. 10, at 4). As of August 1, 2012, the Trustee has paid $36,713.07 to Iron Mountain on the Appellant's behalf. (D.I. 4 at ¶ 9). The Trustee has not destroyed the Records and continues to pay the storage fees while this matter is pending. (*Id.*, at ¶ 36). On March 1, 2011, the Appellant filed a motion seeking to relocate the Records or to abandon them to the shareholders. (Bankr. Case No. 01-10370, D.I. 4216). He requested that these Records be transferred to a storage facility

---

[1] The Bankruptcy Court treated the two collections of records separately in its orders. (*See* D.I. 1-1, 1-2). For the purposes of this Memorandum, because the analysis is the same for both collections, they will collectively be referred to as the Records.

[2] The Appellant was convicted of several counts of fraud related to the Debtor's collapse and has been incarcerated in a federal institution during all times relevant to this appeal. (D.I. 10, at 2).

in New York, which he claimed offered a better rate. (*Id.*). The Trustee objected, due to the estimated $45,000 to $64,000 cost of transporting the Records. (*Id.*, D.I. 4219). On November 8, 2011, the Bankruptcy Court entered two orders granting the Trustee authority to destroy the Records, and a third order denying the Appellant's motion to relocate the Records (collectively, the "Abandonment Orders"). (D.I. 1-1, 1-2, 1-3).

The Appellant appealed from the Abandonment Orders, and the notice of appeal was docketed in this court on March 16, 2012. (D.I. 1). The Appellant filed a motion for a stay pending appeal on February 21, 2012. (D.I. 12).[3] The Trustee filed an opposing brief on August 15, 2012. (D.I. 4). The Appellant filed a reply brief on November 6, 2012. (D.I. 10). After considering the parties' briefs and the Abandonment Orders, the court concludes that Appellant has not made the requisite showing to justify granting his motion for a stay pending appeal.

## III. PARTIES' CONTENTIONS

The Appellant argues that the Bankruptcy Court erred by authorizing the Trustee to destroy the Records, rather than ordering her to abandon the property directly to him. (D.I. 12, at 7). He claims that it is undisputed that as of the date of the Debtor's bankruptcy filing, he had a possessory right to the Records as the Debtor's CEO. (*Id.*). He contends that when the property of the estate is abandoned, it reverts automatically back to the party that had a possessory interest in that property. (*Id.*). Further, the Appellant maintains that without a stay, the Trustee will destroy the Records and thus moot this appeal. (D.I. 12, at ¶ 12).

Conversely, the Trustee argues that the Appellant has not met his burden to establish the prerequisites for a stay pending appeal. (D.I. 4, at ¶ 40). She contends that the Appellant has failed to comply with any of the Bankruptcy Court's prior orders or the parties' agreement. (D.I.

---

[3] This motion was initially docketed in C.A. No. 11-1300-GMS; however, both parties agreed that this motion should have been filed in C.A. No. 12-322-GMS, and was accordingly re-docketed on January 12, 2015.

3

4, at ¶¶ 34–38). Consequently, she claims that she has had to expend $2,769.21 per month out of the Debtor's bankruptcy estate to cover the Appellant's failure to pay those fees. (*Id.*, at ¶ 36). She argues that the Bankruptcy Court has no obligation to ensure that the Records are abandoned to the Appellant, especially at the expense of the Debtor's estate. (*Id.*, at ¶¶ 39–40).

## IV. STANDARD OF REVIEW

Pursuant to § 158(a), district courts have mandatory jurisdiction to hear appeals "from final judgments, orders, and decrees" and discretionary jurisdiction over appeals "from other interlocutory orders and decrees." 28 U.S.C. § 158(a)(1), (3). When reviewing a case on appeal, the court reviews the bankruptcy court's legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. *In re United Healthcare Systems, Inc.*, 396 F.3d 247, 249 (3d Cir. 2005). An abuse of discretion exists whenever a judicial action is "arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used." *In re Am. Classic Voyages, Co.*, 298 B.R. 222, 225 (D. Del. 2003). A party moving for a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007 has the burden to prove the following four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). "No single factor should be considered in isolation; rather, the court must balance and weigh all relevant factors." *In re Freedom Commc'ns Holdings, Inc.*, 2009 WL 4506553, at *1 (D. Del. Dec. 4, 2009).

4

## V. DISCUSSION

### A. Strong Likelihood of Success on the Merits

"Likelihood of success on the merits means that a movant has a substantial case, or a strong case on appeal." *In re Polaroid Corp.*, 2004 WL 253477, at *1 (D. Del. Feb. 9, 2004) (internal quotations omitted). This analysis is necessarily preliminary, and although it focuses on the merits of the appeal, it does not require a court to find that a party is guaranteed to succeed. *See In re Los Angeles Dodgers L.L.C.*, 465 B.R. 18, 38 n.9 (D. Del. 2011). The Appellant does not challenge the Bankruptcy Court's finding that the elements for abandonment of the Records are satisfied. (*See* D.I. 10, at 10). However, he argues that he is likely to succeed on the merits of the appeal because he is legally entitled to possession of the Records, and therefore, the Bankruptcy Court cannot authorize their destruction. (D.I. 10 at 12).

"[A]bandonment under section 554 is not a transfer of property but simply a divesture of all of the estate's interest in the property." *In re Pilz Compact Disc, Inc.*, 229 B.R. 630, 639 (Bankr. E.D. Pa. 1999). When the trustee abandons property, "[i]t reverts to the debtor and stands as if no bankruptcy petition was filed." *In re Dewsnup*, 908 F.2d 588, 590 (10th Cir. 1990), *aff'd*, 502 U.S. 410 (1992). Although American Tissue, Inc., and not the Appellant, is the debtor in this case, the Appellant nevertheless contends that the same principle applies to third parties that had a prepetition possessory interest in the abandoned property.

Whether a bankruptcy court has the authority to direct that property is abandoned to a third party is an unsettled issue. On one hand, some courts reason that because 11 U.S.C. § 554 only pertains to "property of the estate," which 11 U.S.C. § 541(a)(1) defines as interests of the debtor, "[a]bandonment does not and cannot convey to any third party any of the estate's (or the debtor's) legal or equitable interests in property." *In re Renaissance Stone Works, L.L.C.*, 373 B.R. 817, 820 (Bankr. E.D. Mich. 2007); *see also In re High Voltage Eng'g Corp.*, 397 B.R. 579, 604 (Bankr.

D. Mass. 2008), *aff'd*, 403 B.R. 163 (D. Mass. 2009). Conversely, other courts have found that they have do have the authority to direct that property is abandoned to a third party. *See In re Interpictures Inc.*, 217 F.3d 74, 76 (2d Cir. 2000) (collecting cases). "The rationale for this rule is that once the debtor's property is abandoned in bankruptcy, the property should be treated as though no bankruptcy proceedings had occurred and therefore revert to the party that held a prepetition interest in it." *In re Interpictures Inc.*, 217 F.3d at 76.

The Appellant's argument is predicated upon the assumption that because he has a possessory interest in the Records, the Bankruptcy Court is necessarily required to order the Trustee to abandon those Records to him. This argument lacks merit. Even assuming, without deciding, that a bankruptcy court can order that property is abandoned to a non-debtor, the exercise of this power is discretionary, not mandatory. *See In re Interpictures Inc.*, 217 F.3d at 76 (explaining that once "the predicate facts for abandonment hav[e] been established, the issue is whether the district court abused its discretion in denying appellant's motion to have the [property] abandoned to him.") (emphasis added); *see In re Popp,* 166 B.R. 697, 700 (Bankr.D.Neb.1993) ("Abandonment may be to any party with a possessory interest in the property abandoned."); *see In re Pilz Compact Disc, Inc.*, 229 B.R. at 643–44 (holding that even if the court did possess this authority, it was not appropriate in those circumstances to exercise it). There is no support for the Appellant's proposition that a court is mandated to order that property must be abandoned to a party that had a prepetition possessory interest in that property.

The Appellant has not demonstrated that he has a strong likelihood of proving that the Bankruptcy Court abused its discretion by issuing the Abandonment Orders. The facts of this case demonstrate that the Bankruptcy Court and the Trustee have attempted to accommodate the Appellant's purported interest in the Records for years, yet he has repeatedly failed to take the necessary steps to effectuate a transfer of those Records. The Appellant failed to comply with the

6

Bankruptcy Court's November 2007 Order requiring him to send a representative to review and identify the relevant Records. He has failed to stay up-do-date with his obligation to pay the storage fees as stipulated in the March 2008 agreement with the Trustee, thus imposing that burden upon the Debtor's estate. He has not specified how these Records are relevant to his lawsuits, and it appears that these cases are progressing or have concluded without the Records as evidence. (*See* D.I. 4, at ¶ 38).

The Appellant's purported possessory interest in the Records does not obligate the Bankruptcy Court or the Trustee to maintain that property indefinitely at the expense of the Debtor's estate. Abandonment is not designed to determine interested parties' rights in the abandoned property. *See In re Pilz Compact Disc, Inc.*, 229 B.R. at 639. The purpose of abandonment under § 554 is to rid the bankruptcy estate of burdensome property, not to increase the estate's burden. *See* 11 U.S.C. § 554; *see In re NJ Affordable Homes Corp.*, 2013 WL 6048836, at *48 (Bankr. D.N.J. Nov. 8, 2013) ("Abandonment . . . protects bankruptcy estate assets against diminution."). "The only determination made by the trustee and the court in the § 554 abandonment process is that the property is (1) burdensome to the estate, or (2) of inconsequential value." *In re Pilz Compact Disc, Inc.*, 229 B.R. at 639.

The Appellant argues that a trustee is not permitted to destroy abandoned property. (D.I. 12 at 2). However, he cites no support for that proposition. (*Id.*) Given that the Bankruptcy Court found that the Records contain confidential information, and that it would be costly for the estate to continue to store them indefinitely, this court is not persuaded that the Appellant will be able to prove that the Bankruptcy Court abused its discretion by authorizing the destruction of those Records. *See In re Pilz Compact Disc, Inc.*, 229 B.R. at 644 (noting that the whether or not to order the destruction of abandoned property was within the court's discretion). The Appellant has not made a strong showing that he will likely succeed on the merits of his appeal.

7

## B. Whether the Applicant will be Irreparably Injured Absent a Stay

Irreparable harm is an injury "that cannot be redressed following trial." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 595 (3d Cir. 2002). The Appellant argues that he will suffer irreparable harm if the appeal is not stayed because the Records "can be helpful to [him] with respect to various civil and criminal issues that remain unresolved, and could reasonably be of significant use to him in both the immediate and more distant future." (D.I. 10 at 16) The court finds that these claims are too generalized and unsupported. As noted above, the Appellant has not once sought any of the Records to be introduced as evidence in his civil or criminal cases. (D.I. 4 at ¶ 39, Exs. A–C). Moreover, he has failed at every stage of this case to identify specifically which Records he is seeking and how they could be relevant to those cases. "To constitute irreparable harm . . . an injury cannot be speculative; it must be certain, great, and actual." *In re ANC Rental Corp.*, 2002 WL 1058196, at *2 (D. Del. May 22, 2002) (citing *Sprint Corp. v. DeAngelo*, 12 F. Supp. 2d 1188, 1194 (D. Kan. 1998)). The Appellant additionally argues that if the stay is not granted, the Trustee will destroy the Records and this appeal will become moot. (D.I. 12 at ¶ 12). However, "equitable mootness of an appeal, without more, does not constitute irreparable harm." *In re New Century TRS Holdings, Inc.*, 2009 WL 1833875, at *2 (D. Del. June 26, 2009). The court finds that the Appellant has not met his burden under this factor.

## C. Substantial Injury to Other Interested Parties

Conversely, the Trustee continues to devote resources from the Debtor's estate to pay the storage fees for the Records. This matter remains an impediment to the Trustee closing the Debtor's case. (D.I. 4, at ¶ 43). This added expense and delay negatively impacts all parties that have claims against the Debtor's estate. *See In re Taylor*, 450 B.R. 577, 579 (Bankr. W.D. Pa. 2011) (finding substantial injury to other creditors in the case due to debtor's "litigious" and

8

"unsuccessful" efforts to delay and evade). The Appellant even admits that a stay will only increase the expenses incurred by the Debtor's estate. (*See* D.I. 10 at 17). Accordingly, the court finds that this factor weighs in the Trustee's favor.

### D. The Public Interest

Finally, the court determines that the public interest weighs in favor of denying the Appellant's motion for a stay pending appeal. The Appellant argues that "the enforcement of the case law and the statute is clearly in the public's interest . . . ." (D.I. 10 at 19) The court agrees with this statement generally, but finds that the Appellant has failed to demonstrate that the statute or case law weighs in his favor. *See Ams. United for Separation of Church & State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990) (noting a "strong public policy in favor of correct application of the law . . . ."). The Appellant has not demonstrated that the record invokes the public interest in his favor. Taken as a whole, the factors weigh strongly in favor of denying the Appellant's motion for a stay pending appeal.

### VI. CONCLUSION

For the foregoing reasons, the court will DENY the Appellant's motion for a stay pending appeal.

Dated: March 31, 2015

UNITED STATES DISTRICT JUDGE

9